Roger A. Denning, SBN 228998, denning@fr.com
Todd Miller, SBN 163200, miller@fr.com
Frank Albert, SBN 247741, albert@fr.com
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
Phone:  858-678-5070 / Fax: 858-678-5099

Frank E. Scherkenbach, SBN 142549, scherkenbach@fr.com
Fish & Richardson P.C.
One Marina Park Dr.
Boston, MA  02210
Phone:  617-542-5070 / Fax:  617-542-8906

Christina Brown Marshall SBN 280552, brown-marshall@fr.com
Fish & Richardson P.C.
1180 Peachtree Street, 21st Floor
Atlanta, GA 30309
Phone:  404-724-5005 / Fax:  404-892-5002

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESMED INC., a Delaware Corporation, RESMED CORP, a Minnesota Corporation, and RESMED LTD, an Australian Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> FISHER & PAYKEL HEALTHCARE CORPORATION LIMITED, a New Zealand Corporation, FISHER & PAYKEL HEALTHCARE LIMITED, a New Zealand Corporation, FISHER & PAYKEL HEALTHCARE INC., a California Corporation, FISHER & PAYKEL HOLDINGS INC., a California Corporation, and FISHER & PAYKEL HEALTHCARE DISTRIBUTION INC., a California Corporation <br><br> Defendants. | CASE NO: **'16CV2072 JAH  MDD** <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> JURY TRIAL DEMANDED |

CASE NO._____

Plaintiff ResMed Inc, Plaintff ResMed Corp., and Plaintiff ResMed Ltd hereby complains of Defendant Fisher & Paykel Healthcare Corporation Limited, Defendant Fisher & Paykel Healthcare Limited, Defendant Fisher & Paykel Healthcare Inc., Defendant Fisher & Paykel Holdings Inc., and Fisher & Paykel Healthcare Distribution Inc. and alleges as follows:

## PARTIES

1.      Plaintiff ResMed Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business in this district in San Diego, California.

2.      Plaintiff ResMed Corp is a corporation organized under the laws of the state of Minnesota with its principal place of business in this district in San Diego, California.

3.      Plaintiff ResMed Ltd is a corporation organized under the laws of Australia, having its principal place of business in Bella Vista, New South Wales, Australia.

4.      ResMed Corp and ResMed Ltd are, respectively, direct and indirect subsidiaries of ResMed Inc.

5.      As used herein, the term "Plaintiffs" or "ResMed" means individually and/or collectively ResMed Inc., ResMed Corp, and ResMed Ltd.

6.      On information and belief, Defendant Fisher & Paykel Healthcare Corporation Limited ("F&P Healthcare Corp. Ltd") is a corporation organized under the laws of the country of New Zealand and is the overall parent company of Fisher & Paykel Healthcare entities.

7.      On information and belief, F&P Healthcare Corp. Ltd has its principal place of business at 15 Maurice Paykel Place, East Tamaki, Auckland 2013, New Zealand.

CASE NO._____

8. On information and belief, Defendant Fisher & Paykel Healthcare Limited ("F&P Healthcare Ltd") is a New Zealand subsidiary of F&P Healthcare Corp. Ltd.

9. On information and belief, F&P Healthcare Ltd is a corporation organized under the laws of the country of New Zealand.

10. On information and belief, F&P Healthcare Ltd has its principal place of business at 15 Maurice Paykel Place, East Tamaki, Auckland 2013, New Zealand.

11. On information and belief, Defendant Fisher & Paykel Holdings Inc. ("F&P Holdings Inc.") is a U.S. subsidiary of F&P Healthcare Corp. Ltd.

12. On information and belief, F&P Holdings Inc is a corporation organized under the laws of the state of California.

13. On information and belief, F&P Holdings Inc. is a corporation with its principal place of business at 15365 Barranca Parkway, Irvine, CA 92618.

14. On information and belief, Defendant Fisher & Paykel Healthcare Inc ("F&P Healthcare Inc.") is a U.S. sales entity and subsidiary of F&P Holdings Inc.

15. On information and belief, F&P Healthcare Inc. is a corporation organized under the laws of the state of California.

16. On information and belief, F&P Healthcare Inc. is a corporation with its principal place of business at 15365 Barranca Parkway, Irvine, CA 92618.

17. On information and belief, Fisher & Paykel Healthcare Distribution Inc. ("F&P Healthcare Dist.") is a U.S. distribution entity and subsidiary of F&P Holdings Inc.

18. On information and belief, F&P Healthcare Dist. is a corporation organized under the laws of the state of California.

19. On information and belief, F&P Healthcare Dist. is a corporation with its principal place of business at 15365 Barranca Parkway, Irvine, CA 92618.

CASE NO._____

20.     As used herein, the term "Defendants" or "F&P" means individually and/or collectively F&P Healthcare Corp. Ltd., F&P Healthcare Ltd., F&P Holdings Inc., F&P Healthcare Inc., and F&P Healthcare Dist.

## JURISDICTION AND VENUE

21.     This Court has subject matter jurisdiction over the claims pleaded herein under 28 U.S.C. §§ 1331 and 1338(a) because the actions below concern a federal question arising under the patent laws of the United States, including 35 U.S.C. § 271.

22.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and 1400(b) because, among other reasons, F&P is subject to personal jurisdiction in this judicial district and has committed acts of infringement in this judicial district or will imminently commit acts of infringement in this judicial district.

23.     Upon information and belief, F&P has placed infringing products and/or will place infringing products into the stream of commerce by shipping those products into this judicial district and/or by knowing that such products would be shipped into this judicial district.

24.     F&P's established distribution network distributes sleep-disordered breathing treatment systems and products directly to customers located in this district.

25.     For those products soon to be released in the United States, F&P's established distribution network would distribute the sleep-disordered breathing treatment systems and directly to customers located in this district.

26.     For example, upon information and belief, F&P is a manufacturer and distributor of durable medical equipment, including systems and components thereof for the treatment of sleep-disordered breathing, such as obstructive sleep apnea.

27.     On information and belief, F&P develops, manufactures, and markets sleep-disordered breathing treatment systems and components thereof that infringe one or more claims of the Patents-in-Suit, as defined below.

28.    On information and belief, F&P's sleep-disordered breathing treatment systems and components thereof are manufactured, assembled, packaged, and/or tested outside of the United States.

29.    On information and belief, F&P then imports the accused sleep-disordered breathing treatment systems and components thereof into the United States, sells them for importation, or sells them in the United States after importation.

30.    Upon information and belief, F&P distributes the products nationally, including in this district.

31.    By importing into the United States, shipping into, selling, offering to sell, and/or using products that infringe the patents-in-suit in this district, or by inducing or causing those acts to occur, F&P has transacted and continues to transact business and perform work and services in this district, has supplied and continues to supply services and things in this district, has caused and continues to cause injury and damages in this district by acts and omissions in this district, and has caused and continues to cause injury and damages in this district by acts or omissions outside of this district while deriving substantial revenue from services or things used or consumed within this district, and will continue to do so unless enjoined by this Court.

## THE PATENTS

32.    ResMed Ltd is the owner by assignment of all right, title, and interest in and to United States Patent No. 8,944,061 patent entitled "Cushion To Frame Assembly Mechanism," (hereinafter "the '061 patent"), which was duly and legally issued on February 3, 2015.

33.    The '061 patent is valid, enforceable, and currently in full force and effect.  A copy of the '061 patent is attached as Exhibit A.

34.    ResMed Inc. is the exclusive licensee of the '061 patent and has exclusively sublicensed the patent to ResMed Corp., the U.S. sales subsidiary.

35.     ResMed Ltd. is the owner by assignment of all right, title, and interest in and to United States Patent No. 8,950,404 entitled "Headgear For Masks," (hereinafter "the '404 patent"), which was duly and legally issued on February 10, 2015.

36.     The '404 patent is valid, enforceable, and currently in full force and effect.  A copy of the '404 patent is attached as Exhibit B.

37.     ResMed Inc. is the exclusive licensee of the '404 patent and has exclusively sublicensed the patent to ResMed Corp., the U.S. sales subsidiary.

38.     ResMed Ltd. is the owner by assignment of all right, title, and interest in and to United States Patent No. 9,027,556 entitled "Mask System," (hereinafter "the '556 patent"), which was duly and legally issued on May 12, 2015.

39.     The '556 patent is valid, enforceable, and currently in full force and effect.  A copy of the '556 patent is attached as Exhibit C.

40.     ResMed Inc. is the exclusive licensee of the '556 patent and has exclusively sublicensed the patent to ResMed Corp, the U.S. sales subsidiary.

41.     ResMed Ltd is the owner by assignment of all right, title, and interest in and to United States Patent No. 9,381,316 entitled "Interchangeable Mask Assembly," (hereinafter "the '316 patent"), which was duly and legally issued on July 5, 2016.

42.     The '316 patent is valid, enforceable, and currently in full force and effect.  A copy of the '316 patent is attached as Exhibit D.

43.     ResMed Inc. is the exclusive licensee of the '316 patent and has exclusively sublicensed the patent to ResMed Corp, the U.S. sales subsidiary.

44.     As used herein, the term "Patents-in-Suit" means individually and/or collectively the '061 patent, the '404 patent, the '556 patent, and the '316 patent.

# BACKGROUND

45.     ResMed is a leading developer, manufacturer and distributor of medical equipment for treating, diagnosing, and managing sleep-disordered breathing and other respiratory disorders.

46.     The company is dedicated to developing innovative products to improve the lives of those who suffer from these conditions and to increasing awareness among patients and healthcare professionals of the potentially serious health consequences of untreated sleep-disordered breathing (sometimes referred to as "SDB").

47.     Since it was founded in 1989, ResMed has focused on developing and commercializing systems for the treatment of obstructive sleep apnea ("OSA"), a major subset of SDB.

48.     ResMed's development of innovative therapies for the treatment of OSA has resulted in over 4,000 patents granted or pending worldwide, and its product line incorporates technology that is a highly effective and proven way to treat OSA.

49.     ResMed has invested hundreds of millions of dollars in research and development.

50.     It has been estimated that SDB in general, and OSA in particular, affects approximately 20% of the adult population, making it as widespread as diabetes or asthma.

51.     However, awareness of OSA is relatively low; one study in 2002 concluded that about 90% of people with OSA remain undiagnosed and untreated.

52.     Therefore, ResMed has made substantial investments directed to increasing education and awareness of the health consequences of untreated SDB among both the general public and physicians.

53.     ResMed's portfolio of SDB products includes flow generators, humidifiers, diagnostic products, mask systems, headgear and other accessories,

CASE NO._____

including, for example, certain sleep-disordered breathing treatment masks, including the Quattro Air, Quattro Air for Her, Quattro FX, Quattro FX for Her, AirFit N10, AirFit N10 for Her, AirFit F10, AirFit F10 for Her, Mirage FX, and Mirage FX for Her.

54.     ResMed marks its patents on some products and marks all of its products on its website at:  www.resmed.com/ip.

55.     On information and belief, F&P, on its own and/or through its subsidiaries, is in the business of manufacturing, packaging, importing, selling, offering to sell, and/or distributing a variety of sleep-disordered breathing treatment systems and components thereof, including, but not limited to, F&P's Eson product line, F&P's Eson 2 product line, and F&P's Simplus product line (collectively, "Accused Products").

56.     By way of example, F&P markets both the Eson and Simplus Mask System as masks for sleep apnea, being one component for the continuous positive airway pressure ("CPAP") therapy system.

57.     On information and belief, F&P offers for sale, sells, licenses, and/or distributes the Accused Products in the United States, including within this district, and/or imports the Accused Products into the United States.

58.     On information and belief, F&P was aware of ResMed's products that practice the patents identified in this Complaint.

59.     F&P markets the structure, operation, and use of the Simplus System to the public.

CASE NO._____

60.     By way of example, on its website, F&P markets the use of the Simplus System for Sleep Apnea:



61.     By way of example, on its website, F&P markets that the Simplus System includes three components, the RollFit Seal, the ErgoForm Headgear, and Easy Frame:



62.     By way of example, on its website, F&P markets the structure of the Simplus System including the RollFit Seal, the ErgoForm Headgear, and Easy Frame.





63.     By way of example, on its website, F&P markets that the Simplus System includes a RollFit Seal:



64.     Below is a close up photo of the Simplus System RollFit Seal composed a two portions, a first portion of one material and a second portion of a second material that is more flexible than the first portion:



9                    CASE NO._____

65.    By way of example, on its website, F&P markets that the Simplus System includes a ErgoFoarm Headgear:



66.    By way of example, on its website, F&P markets that the Simplus System includes an Easy Frame:



67.    Below is a close up photo showing the Easy Frame, including an upper support member, two lower headgear clip attachments, an annular connection adapted to engage an elbow of an inlet conduit, and an opening located between the annular connection and the upper support member.



68.      By way of example, on its website, F&P markets the Mask Parts of the Simplus System:



69.      By way of example, on its website, F&P markets Fitting Your Mask for the Simplus System:



70.     By way of example, on its website, F&P markets Mask Assembly/Disassembly for the Simplus System:



71.     F&P markets the structure, operation, and use of the Eson System to the public.  By way of example, F&P provides instruction to the public on the

structure, function, use, and purchasing on its website, including at least marketing materials, sales materials, purchasing information, videos, catalogues, specification sheets, user instructions, and guides.  Further, by way of example, F&P provides instruction to the public on the structure, function, and use of the Eson System product in the product packaging; including at least user instructions.

72.     By way of example, on its website, F&P markets the use of the Eson System as a Nasal Mask for Sleep Apnea:





73.     By way of example, on its website, F&P markets that the Eson System includes three components, the RollFit Seal, the ErgoFit Headgear, and Easy Frame:



74.    By way of example, on its website, F&P markets that the Eson System includes a RollFit Seal:



75.    By way of example, on its website, F&P markets that the Eson System includes a ErgoFit Headgear:



76.    By way of example, on its website, F&P markets that the Eson System includes an Easy Frame:



77.    By way of example, on its website, F&P markets the Mask Parts of the Eson System:



78.    By way of example, on its website, F&P markets Fitting Your Mask for the Eson System:



79.    By way of example, on its website, F&P markets Mask Assemby/Disassembly for the Eson System:



80.    On information and belief, F&P has imported the Eson 2 System as a Nasal Mask for Sleep Apnea:

81.     By way of example, on its website, and in its promotional materials, including the materials accompanying the imported Eson 2 System, F&P markets that the Eson 2 System includes "Key features and benefits" including, the Intuitive Headgear, the RollFit Seal and the Easy Frame:



82.     By way of example, in the materials accompanying the imported Eson 2 System F&P markets the Mask Parts of the Eson 2 System:

17                    CASE NO._____

1
2
3
4
5
6
7
8
9



10   83.   By way of example, in the materials accompanying the imported Eson

11   2 System F&P markets Fitting Your Mask for the Eson 2 System:

12
13
14
15
16
17
18
19
20
21
22
23
24

25   84.   By way of example, in the materials accompanying the imported Eson

26   2 System F&P markets Mask Assembly/Disassembly for the Eson      2 System:

27
28

18                       CASE NO._____



85.     On information and belief, because F&P was aware of ResMed's products, F&P was also aware of ResMed patents as a result of patent marking, including the marking on ResMed's website.  Moreover, F&P was aware of at least the '404 patent and '061 patents—and its infringement of the claims thereof—no later than on or about February 12, 2015, through written communications from ResMed to F&P and no later than on or on about March 4, 2015, through a meeting and presentation from ResMed to F&P notifying F&P of its infringement.  F&P was also aware of at least the '556 patent—and infringement of the claims thereof—no later than August and September 2015, through written communications and a meeting and presentation from ResMed to F&P notifying F&P of its infringement.

86.     On information and belief, F&P's acts of infringement of the patents identified below have occurred with knowledge of ResMed's rights in its patents or with willful blindness thereto.

## FIRST CLAIM FOR RELIEF
### F&P'S INFRINGEMENT OF U.S. PATENT NO. 8,944,061

87.     The allegations of Paragraphs 1-86 are incorporated herein by reference.

88.     F&P has directly infringed the claims of the '061 patent, literally and/or under the doctrine of equivalents, by using, offering to sell, and/or selling within the United States, and/or importing into the United States, the Accused Products, including but not limited to F&P's Simplus System product line.

89.     By way of example, the Accused Products, including at least the Simplus Mask System, specifically infringe at least claims 17, 18, 20, 21, 22, 23, 26, 27, 28, 29, 30, 32, 33, 35, 36, 37, 38, 41, 42, 43, 44, 45, 46, 48, 49, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, and 91 of the '061 patent.

90.     By way of example, the Accused Products specifically infringe at least independent claim 17 in the following way.

91.     The Accused Products include a mask assembly for treatment of sleep disorder breathing by delivering a flow of pressurized gas to a patient.

92.     By way of example, F&P markets the F&P Simplus System for the treatment of sleep apnea involving the delivery of a flow of pressurized gas to the wearer of the mask.

93.     The Accused Products include a first frame made of first material.

94.     By way of example, the F&P Simplus System includes a RollFit seal frame made of a first material.

95.     The Accused Products include a cushion connected to the first frame, the cushion being adapted to form a seal around a patient's nose and mouth and being made from a second material that is more flexible than the first material.

96.     By way of example, the F&P Simplus System RollFit Seal includes a first portion of one material and a second portion made of a second material forming a seal around a patient's nose and mouth and being made from a second material that is more flexible than the first material:

1
2
3
4
5
6
7



8    97.    The Accused Products include a second frame adapted to constrain the

9  first frame, the second frame comprising an upper support member that supports a

10  forehead support, two lower headgear clip attachments engaged with clips provided

11  to straps of a headgear assembly, an annular connection adapted to engage an elbow

12  of an inlet conduit and an opening located between the annular connection and the

13  upper support member, the opening providing access to the first frame.

14    98.    By way of example, the Easy Frame of the Simplus System is adapted

15  to constrain the RollFit Seal.

16    99.    By way of example, the Easy Frame of the Simplus System includes an

17  upper support member that supports a forehead support.

18
19
20
21
22



23    100.    By way of example, the Easy Frame of the Simplus System includes

24  two lower headgear clip attachments engaged with clips provided to straps of a

25  headgear assembly.

26
27
28

                                21              CASE NO._____



101.   By way of example, the Easy Frame of the Simplus System includes an annular connection that adapted to engage an elbow—a ball and socket elbow—of an inlet conduit.



102.   By way of example, the Easy Frame of the Simplus System includes and an opening located between the annular connection and the upper support member, the opening providing access to the first frame.

1
2
3
4
5
6
7
8



9   103.   ResMed is well-known in the industry for making and selling SDB
10  products and ResMed is well-known in the industry to be an innovator.

11  104.   ResMed also gives notice to the public that its products are patented by
12  appropriately marking those products with its applicable patent numbers as
13  permitted by 35 U.S.C. §287(a).

14  105.   Therefore, on information and belief, F&P either must have known
15  about the '061 patent or must have been willfully blind to it at the time they engaged
16  in their infringing activities and, in any event, was aware of the '061 patent at least
17  as early as the service date of this complaint.

18  106.   F&P was aware of the '061 patent, at least in part through written
19  communications from ResMed on or about February 12, 2015 and a meeting
20  between ResMed and F&P on or about March 4, 2015 notifying F&P of its
21  infringement of this patent.

22  107.   F&P also induces infringement of the '061 patent.  F&P encourages
23  and intends the use, importation, and sale of the Accused Products within the United
24  States.  For example, at least on its website, F&P advertises the Accused Products
25  for use within the United States and instructs patients to use the Accused Products.

26
27
28

CASE NO._____

108.   On information and belief, F&P lacks reasonable defenses for their infringing activities and therefore knows the use, importation, and sale of the Accused Products within the United States infringes the '061 patent.

109.   As a result of F&P's infringement of the '061 patent, ResMed has suffered and will continue to suffer damage.

110.   ResMed is entitled to recover from F&P the damages adequate to compensate for such infringement, which have yet to be determined.

111.   F&P's acts of infringement have caused and will continue to cause irreparable harm to ResMed unless and until enjoined by this Court.

## SECOND CLAIM FOR RELIEF
### F&P'S INFRINGEMENT OF U.S. PATENT NO. 8,950,404

112.   The allegations of Paragraphs 1-111 are incorporated herein by reference.

113.   F&P has directly infringed the claims of the '404 patent, literally and/or under the doctrine of equivalents, by using, offering to sell, and/or selling within the United States, and/or importing into the United States, the Accused Products, including but not limited to F&P's Simplus System product line.

114.   By way of example, the Accused Products, including at least the Simplus Mask System, specifically infringe at least claims 1, 5, 6, 7, 8, 9, 15, 16, 17, 27, and 28 of the '404 patent.  By way of example, the Accused Products, including at least the Eson 2 Mask System, specifically infringe at least claims 1, 5, 6, 7, 15, 16, 17, 27, and 28 of the '404 patent.

115.   By way of example, the Accused Products specifically infringe at least claim 1 of the '404 patent in the following way.

116.   The Accused Products include a headgear system for holding a respiratory mask in a position on a face of a patient to enhance a mask seal with the

patient's face, the headgear system including a plurality of straps providing a four-point arrangement for attachment with the respiratory mask.

117.   By way of example, the Simplus System includes an ErgoForm Headgear for holding a respiratory mask, the Simplus System RollFit Seal and Easy Frame, in a position on a face of a patient to enhance a mask seal with the patient's face, the ErgoForm Headgear including a plurality of straps providing a four-point



arrangement for attachment with the Easy Frame.

118.   The Accused Products include at least one upper strap configured to extend above the patient's ears in use.

119.   By way of example, the Simplus System ErgoForm Headgear includes at least one upper strap configured to extend above the patient's ears in use.



120.   The Accused Products include at least one lower strap configured to extend below the patient's ears in use.

121.   By way of example, the Simplus System ErgoForm Headgear includes at least lower strap configured to extend below the patient's ears in use.



122.   The Accused Products include a rear portion.

123.   By way of example, the Simplus System ErgoForm Headgear includes a rear portion that contact the rear of the patient's head.

CASE NO._____

1
2
3
4
5
6
7
8



9

124.   The Accused Products include a headgear system wherein at least one strap of said plurality of straps is constructed from a laminate having at least a first fabric layer and a second fabric layer, said first fabric layer being constructed and arranged to be located on a patient-contacting side in use, and said second fabric layer being constructed and arranged to be located on a non patient-contacting side in use and further wherein said first fabric layer and said second fabric layer are joined at a joint configured to be positioned away from the patient's face when in use and wherein said at least one strap of said plurality of straps has a first rounded lateral edge when viewed in cross-section.

125.   By way of example, the Simplus System ErgoForm Headgear includes a headgear system wherein at least one strap of said plurality of straps is constructed from a laminate having at least a first fabric layer and a second fabric layer, said first fabric layer being constructed and arranged to be located on a patient-contacting side in use, and said second fabric layer being constructed and arranged to be located on a non patient-contacting side in use and further wherein said first fabric layer and said second fabric layer are joined at a joint configured to be positioned away from the patient's face when in use and wherein said at least one strap of said plurality of straps has a first rounded lateral edge when viewed in cross-section.

27                    CASE NO._____

126.   By way of example, below is a cross sectional view of the lower strap of Simplus System ErgoForm Headgear, which includes a laminate with a rounded edge having at least a first fabric layer and a second fabric layer joined at a joint configured to be positioned away from the patient's face.



127.   The Accused Products include a headgear system wherein the joint is positioned at approximately a center or middle of the first rounded lateral edge when viewed in cross section.

128.   By way of example, below is a cross sectional view of the lower strap of Simplus System ErgoForm Headgear, which includes a joint positioned at approximately a center or middle of the first rounded lateral edge when viewed in cross section.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



129.   ResMed is well-known in the industry for making and selling SDB products and ResMed is well-known in the industry to be an innovator.

130.   ResMed also gives notice to the public that its products are patented by appropriately marking those products with its applicable patent numbers as permitted by 35 U.S.C. §287(a).

131.   Therefore, on information and belief, F&P either must have known about the '404 patent or must have been willfully blind to it at the time they engaged in their infringing activities and, in any event, was aware of the '404 patent at least as early as the service date of this complaint.

132.   F&P was aware of the '404 patent, at least in part through written communications from ResMed on or about February 12, 2015 and a meeting between ResMed and F&P on or about March 4, 2015 notifying F&P of its infringement of this patent.

133.   F&P also induces infringement of the '404 patent.  F&P encourages and intends the use, importation, and sale of the Accused Products within the United States.  For example, at least on its website, F&P advertises the Accused Products for use within the United States and instructs patients to use the Accused Products.

29                    CASE NO._____

134.  On information and belief, F&P lacks reasonable defenses for their infringing activities and therefore knows the use, importation, and sale of the Accused Products within the United States infringes the '404 patent.

135.  On information and belief, F&P lacks reasonable defenses for their infringing activities.

136.  As a result of F&P's infringement of the '404 patent, ResMed has suffered and will continue to suffer damage.

137.  ResMed is entitled to recover from F&P the damages adequate to compensate for such infringement, which have yet to be determined.

138.  F&P's acts of infringement have caused and will continue to cause irreparable harm to ResMed unless and until enjoined by this Court.

### THIRD CLAIM FOR RELIEF
### F&P'S INFRINGEMENT OF U.S. PATENT NO. 9,027,556

139.  The allegations of Paragraphs 1-138 are incorporated herein by reference.

140.  F&P has directly infringed the claims of the '556 patent, literally and/or under the doctrine of equivalents, by using, offering to sell, and/or selling within the United States, and/or importing into the United States, the Accused Products, including but not limited to F&P's Simplus System product line and Eson System product line.

141.  By way of example, the Accused Products, including at least the Simplus System, specifically infringe at least claims 1, 2, 4, 8-10, and 12-66 of the '556 patent.  By way of example, the Accused Products, including at least the Eson System, specifically infringe at least claims 1, 4, 6, 9, 10, 14, 17, 19-22, 25-27, 29-33, 36-39, 41, 42, 44-49, and 52.  By way of example, the Accused Products, including at least the Eson 2 System, specifically infringe at least claims 1, 4, 6, 9, 10,14, 17, 19, 20-22, 25-27, 29-33, 36-39, 41-42, 44-49, and 52.

142.   By way of example, the Accused Products specifically infringe at least claim 1 of the '556 patent in the following way.

143.   The Accused Products are mask systems for delivery of a supply of gas at positive pressure to a patient for medical treatment.

144.   By way of example, F&P markets the Simplus System for the treatment of sleep apnea through the use of continuous positive airway pressure.

145.   The Accused Products include a frame module.

146.   By way of example, the Simple System includes a frame module, the Easy Frame.

147.   The Accused Products include a cushion module provided to the frame module and adapted to form a seal with the patient's face.

148.   By way of example, the Simple System includes a cushion module, which includes the RollFit Seal, provided to the frame module and adapted to form a seal with the patient's face

149.   The Accused Products include an elbow module rotatably attached to the frame module such that the frame module acts as a carrier and bearing surface for the elbow module.

150.   By way of example, the Simple System includes an elbow module rotatably attached to the frame module such that the frame module acts as a carrier and bearing surface for the elbow module.

151.   By way of example, below is a picture of the EasyFrame of the Simplus System, which includes the frame module and a Ball-and-Socket elbow module rotatably attached to the frame module.

CASE NO._____



152.   The Accused Products include an elbow module that is rotatably attached to the frame module such that the elbow module is rotatable 360 degrees relative to the frame module in use.

153.   By way of example, the elbow module of the Simple System Easy Frame is rotatable 360 degrees relative to the frame module.

154.   The Accused Products include an elbow module adapted to be connected to an air delivery tube that delivers breathable gas to the patient.

155.   By way of example, the elbow module of the Simple System Easy Frame is adapted to be connected to an air delivery tube that delivers breathable gas to the patient.

156.   The Accused Products include headgear removably attachable to the frame module to assist in maintaining the mask system in a desired adjusted position on the patient's face.

157.   By way of example Simplus System includes the ErgoForm Headgear that is removably attachable to the frame module, including by way of example with

1   Easy-Clip Hooks, that assists in maintaining the mask system in a desired adjusted

2   position on the patient's face.

3        158.   The Accused Products include a cushion module that includes a main

4   body and a cushion, the main body at least partly defines a breathing chamber.

5        159.   By way of example Simplus System includes a main body and a

6   cushion, which includes the RollFit Seal, the main body at least partly defines a

7   breathing chamber.  The main body and cushion are shown in the photo below.



17       160.   The Accused Products include a frame module and main body having

18  shapes that prevent relative rotation when the frame module is attached to the main

19  body.

20       161.   By way of example Simplus System includes an Easy Frame and main

21  body having shapes that prevent relative rotation when the frame module is attached

22  to the main body.  For example, the main body snaps into the Easy Frame,

23  preventing relative rotation of the Easy Frame and the main body.

24       162.   The Accused Products include an outer portion of the main body that is

25  exposed and remains uncovered by the frame module when the frame module and

26  the main body are attached.

27       163.   By way of example Simplus System includes an outer portion of the

28  main body that is exposed and remains uncovered by the Easy Frame when the main

33          CASE NO._____

body and the Easy Frame are attached.  For example, the Easy Frame includes an opening between the upper member and lower member that leaves portions of the main body exposed when the Easy Frame and main body are attached.  As another example, the Easy Frame is narrower than the main body, leaving portions of the main body exposed when the Easy Frame and main body are attached as illustrated in the figure below.



164.   The Accused Products include a main body and cushion, which together comprise an integrated component, the main body comprising a molded material that interfaces with the frame module and the cushion comprises a molded silicone material adapted to interface with patient's face, and the molded material of the main body is a more rigid material than the molded silicone material of the cushion.

165.   By way of example Simplus System includes a main body and cushion, which together comprise an integrated component. The main body is a molded

material that interfaces with the Easy Frame and the cushion comprises a molded silicone material adapted to interface with patient's face, and the molded material of the main body is a more rigid material than the molded silicone material of the cushion.

166.   ResMed is well-known in the industry for making and selling SDB products and ResMed is well-known in the industry to be an innovator.

167.   ResMed also gives notice to the public that its products are patented by appropriately marking those products with its applicable patent numbers as permitted by 35 U.S.C. §287(a).

168.   Therefore, on information and belief, F&P either must have known about the '556 patent or was willfully blind to the '556 patent at the time it engaged in its infringing activities and, in any event, was aware of the '556 patent at least as early as the date it was served with this complaint.

169.   F&P also induces infringement of the '556 patent.  F&P encourages and intends the use, importation, and sale of the Accused Products within the United States.  For example, at least on its website, F&P advertises the Accused Products for use within the United States and instructs patients to use the Accused Products.

170.    On information and belief, F&P lacks reasonable defenses for their infringing activities and therefore knows the use, importation, and sale of the Accused Products within the United States infringes the '556 patent.

171.   As a result of F&P's infringement of the '556 patent, ResMed has suffered and will continue to suffer financial injury and irreparable injury to its business and reputation.

172.   ResMed is entitled to recover from F&P the damages adequate to compensate for such infringement, which have yet to be determined.

173.   F&P's acts of infringement have caused and will continue to cause irreparable harm to ResMed unless and until enjoined by this Court.

## FOURTH CLAIM FOR RELIEF
### F&P'S INFRINGEMENT OF U.S. PATENT NO. 9,381,316

174.  The allegations of Paragraphs 1-173 are incorporated herein by reference.

175.  F&P has directly infringed the claims of the '316 patent, literally and/or under the doctrine of equivalents, by using, offering to sell, and/or selling within the United States, and/or importing into the United States, the Accused Products, including but not limited to F&P's Simplus System product line and Eson System product line.

176.  By way of example, the Accused Products, including the Simplus Mask System, specifically infringe at least claim 1-2, 7-8, 10, 12-20, 22-36, 38-57, 65-66, 68-72, 74-78, 80-84 of the '316 patent.  By way of example, the Accused Products, including the Simplus Mask System as well as all F&P CPAP Devices for use with the F&P Simplus Mask System, including at least the F&P ICON + CPAP Series and the F&P SleepStyle CPAP Series; as well as all breathing tubes for use with the Simplus Mask System, including the breathing tubes included with the F&P CPAP Devices, the F&P Standard Breathing Tube, and F&P ThermoSmart Heated Breathing Tube specifically infringe at least claim 21, 37, 58, 73, and 85 of the '316 patent.

177.  By way of example, the Accused Products specifically infringe at least claim 46 of the '316 patent.

178.  The Accused Products are an interchangeable mask system for delivering breathable gas to a patient.

179.  The Accused Products include at least first and second cushion components that are different structurally from one another in at least one aspect.

180.  By way of example, the Simplus System includes at least first and second cushion components that are different structurally from one another in at least one aspect, namely in size.

36                    CASE NO._____

**3. Easy Frame**

This low-profile frame is stable, durable and small, and ensures a clear line of sight.

The one frame fits all three seal sizes and has an **Easy-Clip Frame Attachment** to aid assembly after cleaning.

The **Ball-and-Socket Elbow** rotates for freedom of movement while reducing drag from the CPAP tube.

181.   The Accused Products have cushion components wherein each of the at least first and second cushion components including a front portion and a cushion structured to engage a patient's face.

182.   By way of example, the Simplus System havehas cushion components wherein each of the at least first and second cushion components including a front portion and a cushion structured to engage a patient's face.



183.   The Accused Products have cushion components wherein the front portion and the cushion of each of the at least first and second cushion components define a mask interior breathing chamber.

184.   The Accused Products have cushion components wherein the front portion of each of the at least first and second cushion components have an opening by which the breathable gas is delivered to the mask interior breathing chamber thereof and a protrusion that is spaced apart and superior to the opening.

37                    CASE NO._____

185.   The Accused Products have a common frame configured to interchangeably interface with the front portion of each of the at least first and second cushion components.

186.   By way of example, the Easy Frame of the Simplus System hasis a common frame configured to interchangeably interface with the front portion of each of the at least first and second cushion components.



187.   The Accused Products have a common frame wherein the common frame is external to the mask interior breathing chamber defined by each of the at least first and second cushion components.

188.   By way of example, the Easy Frame of the Simplus System hasis a common frame wherein the common frame is external to the mask interior breathing chamber defined by each of the at least first and second cushion components.



189.   The Accused Products have a common frame wherein the common frame includes a first opening having a closed shape and a second opening having a closed shape that is spaced apart and superior to the first opening.

190.   By way of example, the Easy Frame of the Simplus System has a common frame wherein the common frame includes a first opening having a closed shape and a second opening having a closed shape that is spaced apart and superior to the first opening.



CASE NO._____

191.   The Accused Products have a common frame wherein the protrusion of each of the at least first and second cushion components is structured to engage with the common frame adjacent the second opening substantially along an anterior-posterior axis and prevent rotation between the common frame and the front portion of each of the at least first and second cushion components.

192.   By way of example, the Easy Frame of the Simplus System is a common frame wherein the protrusion of each of the at least first and second cushion components is structured to engage with the common frame adjacent the second opening substantially along an anterior-posterior axis and prevent rotation between the common frame and the front portion of each of the at least first and second cushion components.

193.   The Accused Products have a common frame wherein the front portion



of each of the at least first and second cushion components is relatively harder than the cushion thereof.

194.   The Accused Products have a common frame wherein the front portion, the cushion, and the mask interior breathing chamber thereof of each of the at least first and second cushion components form a unit that as a whole is interchangeable with the common frame.

CASE NO._____

195.   By way of example, the Easy Frame of the Simplus System is a common frame wherein the front portion, the cushion, and the mask interior breathing chamber thereof of each of the at least first and second cushion components form a unit that as a whole is interchangeable with the common frame.

**3. Easy Frame**

This low-profile frame is stable, durable and small, and ensures a clear line of sight.

The one frame fits all three seal sizes and has an **Easy-Clip Frame Attachment** to aid assembly after cleaning.

The **Ball-and-Socket Elbow** rotates for freedom of movement while reducing drag from the CPAP tube.

196.   The Accused Products have a common frame wherein each of the at least first and second cushion components is structured to engage with the common frame in a fixed, non-adjustable position to prevent any relative or adjustable movement between each of the at least first and second cushion components and the common frame.

197.   By way of example, the Simplus System has a common frame wherein each of the at least first and second cushion components is structured to engage with the common frame in a fixed, non-adjustable position to prevent any relative or adjustable movement between each of the at least first and second cushion components and the common frame.

CASE NO._____



198.   By way of example the F&P ICON + CPAP Series and the F&P SleepStyle CPAP Series are blowers to supply breathable gas at positive pressure to the Simplus Mask System.  Further, by way of example, the breathing tubes for use with the Simplus Mask System, including the breathing tubes included with the F&P CPAP Devices, the F&P Standard Breathing Tube, and F&P ThermoSmart Heated Breathing Tube are conduits to pass the breathable gas from the blower to the Simplus Mask System.

199.   ResMed is well-known in the industry for making and selling SDB products and ResMed is well-known in the industry to be an innovator.

200.   ResMed also gives notice to the public that its products are patented by appropriately marking those products with its applicable patent numbers as permitted by 35 U.S.C. §287(a).

201.   Therefore, on information and belief, F&P either must have known about the '316 patent or was willfully blind to the '316 patent at the time it engaged in its infringing activities and, in any event, was aware of the '316 patent at least as early as the date it was served with this complaint.

202.   F&P also induces infringement of the '316 patent.  F&P encourages and intends the use, importation, and sale of the Accused Products within the United States.  For example, at least on its website, F&P advertises the Accused Products for use within the United States and instructs patients to use the Accused Products.

203.    On information and belief, F&P lacks reasonable defenses for their infringing activities and therefore knows the use, importation, and sale of the Accused Products within the United States infringes the '316 patent.

204.   As a result of F&P's infringement of the '316 patent, ResMed has suffered and will continue to suffer financial injury and irreparable injury to its business and reputation.

205.   ResMed is entitled to recover from F&P the damages adequate to compensate for F&P's infringement, in an amount yet to be determined.

206.   F&P's acts of infringement have caused and will continue to cause irreparable harm to ResMed unless and until enjoined by this Court.

## FIFTH CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of the '807 Patent)

207.   ResMed incorporates by reference Paragraphs 1-206 as if repeated here verbatim.

208.   United States Patent No. 8,443,807 patent is entitled "Breathing Assistance Apparatus," (hereinafter "the '807 patent").  A copy of the '807 patent is attached as Exhibit E.

209.   F&P brought suit against Resmed for allegedly infringing the '807 patent, which it claimed to own by assignment, in the Central District of California on August 15, 2016.  F&P dismissed its claims without prejudice on August 16, 2016.  Jurisdiction is proper at least because F&P's actual filing and dismissal of an infringement suit is a threat of infringement.

210.   There is an actual, substantial, and continuing case or controversy between ResMed and F&P regarding the non-infringement of the claims of the '807 patent.

211.   F&P has alleged that ResMed has directly infringed, contributed to infringement of, and induced infringement of the '807 patent.

212.   ResMed has not infringed, does not infringe, and will not infringe, either directly or indirectly through contributory or induced infringement, any claim of the '807 patent, either literally or under the doctrine of equivalents.

213.   ResMed is entitled to a declaration that it has not infringed, does not infringe, and will not infringe, either directly or indirectly through contributory or induced infringement, any claim of the '807 patent, either literally or under the doctrine of equivalents.

## SIXTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of the '807 Patent)

214.   ResMed incorporates by reference Paragraphs 1-213 as if repeated here verbatim.

215.   United States Patent No. 8,443,807 patent is entitled "Breathing Assistance Apparatus." A copy of the '807 patent is attached as Exhibit E.

216.   F&P brought suit against Resmed for allegedly infringing the '807 patent, which it claimed to own by assignment, in the Central District of California on August 15, 2016. F&P voluntarily dismissed its claims without prejudice on August 16, 2016. Jurisdiction is proper at least because F&P's actual filing and dismissal of an infringement suit is a threat of infringement.

217.   There is an actual, substantial, and continuing case or controversy between ResMed and F&P regarding the invalidity of the claims of the '807 patent.

218.   F&P has alleged that ResMed has directly infringed, contributed to infringement of, and induced infringement of the '807 patent.

219.   The claims of the '807 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and 112, as well as other judicially created bases for invalidation.

220.   By way of example, the claims of the '807 patent are rendered obvious by U.S. Patent Application Publication No. 2004/0226566 to Gunaratnam et al. entitled "Nasal Assembly" in combination with U.S. Patent Application Publication No. 2003/0196658 to Ging et al. entitled "Ergonomic and Adjustable Respiratory Mask Assembly with Frame."  The claims of the '807 patent are also rendered obvious U.S. Patent Application Publication No. 2004/0226566 to Gunaratnam et al. in combination with U.S. Patent No. 7,219,669 to Lovell et al. entitled "Nose Mask."

221.   ResMed is entitled to a judicial declaration that the claims of the '807 patent are invalid.

## SEVENTH CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of the '741 Patent)

222.   ResMed incorporates by reference Paragraphs 1-221 as if repeated here verbatim.

223.   United States Patent No. 8,479,741 patent is entitled "Breathing Assistance Apparatus," (hereinafter "the '741 patent").  A copy of the '741 patent is attached as Exhibit F.

224.   F&P brought suit against Resmed for allegedly infringing the '741 patent, which it claimed to own by assignment, in the Central District of California on August 15, 2016.  F&P voluntarily dismissed its claims without prejudice on August 16, 2016.  Jurisdiction is proper at least because F&P's actual filing and dismissal of an infringement suit is a threat of infringement.

225.   There is an actual, substantial, and continuing case or controversy between ResMed and F&P regarding the non-infringement of the claims of the '741 patent.

226.   F&P has alleged that ResMed has directly infringed, contributed to infringement of, and induced infringement of the '741 patent.

227.   ResMed has not infringed, does not infringe, and will not infringe, either directly or indirectly through contributory or induced infringement, any claim of the '741 patent, either literally or under the doctrine of equivalents.

228.   ResMed is entitled to a declaration that it has not infringed, does not infringe, and will not infringe, either directly or indirectly through contributory or induced infringement, any claim of the '741 patent, either literally or under the doctrine of equivalents.

### EIGHTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of the '741 Patent)

229.   ResMed incorporates by reference Paragraphs 1-228 as if repeated here verbatim.

230.   United States Patent No. 8,479,741 patent is entitled "Breathing Assistance Apparatus."  A copy of the '741 patent is attached as Exhibit F.

231.   F&P brought suit against Resmed for allegedly infringing the '741 patent, which it claimed to own by assignment, in the Central District of California on August 15, 2016.  F&P voluntarily dismissed its claims without prejudice on August 16, 2016.  Jurisdiction is proper at least because F&P's actual filing and dismissal of an infringement suit is a threat of infringement.

232.   There is an actual, substantial, and continuing case or controversy between ResMed and F&P regarding the invalidity of the claims of the '741 patent.

233.   F&P has alleged that ResMed has directly infringed, contributed to infringement of, and induced infringement of the '741 patent.

234.   The claims of the '741 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and 112, as well as other judicially created bases for invalidation.

235.   By way of example, the claims of the '741 patent are rendered obvious by U.S. Patent Application Publication No. 2004/0226566 to Gunaratnam et al. entitled "Nasal Assembly" in combination with U.S. Patent Application Publication No. 2003/0196658 to Ging et al. entitled "Ergonomic and Adjustable Respiratory Mask Assembly with Frame."  The claims of the '807 patent are also rendered obvious U.S. Patent Application Publication No. 2004/0226566 to Gunaratnam et al. in combination with U.S. Patent Application Publication No. 2003/0196658 to Ging et al. and U.S. Patent No. 4,919,128 to Kopala et al. entitled "Nasal Adaptor Device and Seal."

236.   ResMed is entitled to a judicial declaration that the claims of the '741 patent are invalid.

## NINTH CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of the '345 Patent)

237.   ResMed incorporates by reference Paragraphs 1-236 as if repeated here verbatim.

238.   United States Patent No. 8,186,345 patent is entitled "Apparatus for Supplying Gases to a Patient," (hereinafter "the '345 patent").  A copy of the '345 patent is attached as Exhibit G.

239.   F&P brought suit against Resmed for allegedly infringing the '345 patent, which it claimed to own by assignment, in the Central District of California on August 15, 2016.  F&P dismissed its claims without prejudice on August 16, 2016.  Jurisdiction is proper at least because F&P's actual filing and dismissal of an infringement suit is a threat of infringement.

240.   There is an actual, substantial, and continuing case or controversy between ResMed and F&P regarding the non-infringement of the claims of the '345 patent.

241.   F&P has alleged that ResMed has directly infringed, contributed to infringement of, and induced infringement of the '345 patent.

242.   ResMed has not infringed, does not infringe, and will not infringe, either directly or indirectly through contributory or induced infringement, any claim of the '345 patent, either literally or under the doctrine of equivalents.

243.   ResMed is entitled to a declaration that it has not infringed, does not infringe, and will not infringe, either directly or indirectly through contributory or induced infringement, any claim of the '345 patent, either literally or under the doctrine of equivalents.

### TENTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of the '345 Patent)

244.   ResMed incorporates by reference Paragraphs 1-243 as if repeated here verbatim.

245.   United States Patent No. 8,186,345 patent is entitled "Apparatus for Supplying Gases to a Patient."  A copy of the '345 patent is attached as Exhibit G.

246.   F&P brought suit against Resmed for allegedly infringing the '345 patent, which it claimed to own by assignment, in the Central District of California on August 15, 2016.  F&P dismissed its claims without prejudice on August 16, 2016.  Jurisdiction is proper at least because F&P's actual filing and dismissal of an infringement suit is a threat of infringement.

247.   There is an actual, substantial, and continuing case or controversy between ResMed and F&P regarding the invalidity of the claims of the '345 patent.

248.   F&P has alleged that ResMed has directly infringed, contributed to infringement of, and induced infringement of the '345 patent.

249.   The claims of the '345 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code,

1  including 35 U.S.C. §§ 101, 102, 103, and 112, as well as other judicially created

2  bases for invalidation.

3      250.   By way of example, the claims of the '345 patent are anticipated,

4  and/or rendered obvious, by the Fisher & Paykel MR810 Respiratory Humidifier

5  Technical Manual, Revision C ("F&P MR810 Manual").  The claims of the '345

6  patent are also rendered obvious by the F&P MR810 Manual in combination with

7  U.S. Patent No. 6,272,933 to Gradon et al. entitled "Respiratory Humidification

8  System" and U.S. Patent No. 6,953,354 to Edirisuriya et al. entitled "Connector for

9  Breathing Conduits."  The claims of the '345 patent are also rendered obvious by

10  U.S. Patent No. 6,272,933 to Gradon et al. in combination with U.S. Patent No.

11  6,953,354 to Edirisuriya et al. and U.S. Pub. No. 2001/0017134 to Bahr entitled

12  "Conduit for Connecting a Fluid Transfer Device to a Patient."

13      251.   ResMed is entitled to a judicial declaration that the claims of the '345

14  patent are invalid.

15

16              **ELEVENTH CLAIM FOR RELIEF**

17      **(Declaratory Judgment of Non-Infringement of the '641 Patent)**

18      252.   ResMed incorporates by reference Paragraphs 1-251 as if repeated here

19  verbatim.

20      253.   United States Patent No. 8,453,641 patent is entitled "Apparatus For

21  Measuring Properties of Gases Supplied to a Patient," (hereinafter "the '641

22  patent").  A copy of the '641 patent is attached as Exhibit H.

23      254.   F&P brought suit against Resmed for allegedly infringing the '641

24  patent, which it claimed to own by assignment, in the Central District of California

25  on August 15, 2016.  F&P dismissed its claims without prejudice on August 16,

26  2016.   Jurisdiction is proper at least because F&P's actual filing and dismissal of an

27  infringement suit is a threat of infringement.

28

                   49             CASE NO._____

255.   There is an actual, substantial, and continuing case or controversy between ResMed and F&P regarding the non-infringement of the claims of the '641 patent.

256.   F&P has alleged that ResMed has directly infringed, contributed to infringement of, and induced infringement of the '641 patent.

257.   ResMed has not infringed, does not infringe, and will not infringe, either directly or indirectly through contributory or induced infringement, any claim of the '641 patent, either literally or under the doctrine of equivalents.

258.   ResMed is entitled to a declaration that it has not infringed, does not infringe, and will not infringe, either directly or indirectly through contributory or induced infringement, any claim of the '641 patent, either literally or under the doctrine of equivalents.

## TWELFTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of the '641 Patent)

259.   ResMed incorporates by reference Paragraphs 1-258 as if repeated here verbatim.

260.   United States Patent No. 8,453,641 patent is entitled "Apparatus For Measuring Properties of Gases Supplied to a Patient."   A copy of the '641 patent is attached as Exhibit H.

261.   F&P brought suit against Resmed for allegedly infringing the '641 patent, which it claimed to own by assignment, in the Central District of California on August 15, 2016.  F&P dismissed its claims without prejudice on August 16, 2016.   Jurisdiction is proper at least because F&P's actual filing and dismissal of an infringement suit is a threat of infringement.

262.   There is an actual, substantial, and continuing case or controversy between ResMed and F&P regarding the invalidity of the claims of the '641 patent.

263.   F&P has alleged that ResMed has directly infringed, contributed to infringement of, and induced infringement of the '641 patent.

264.   The claims of the '641 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and 112, as well as other judicially created bases for invalidation.

265.   By way of example, the claims of the '641 patent are rendered obvious by the combination of the F&P MR810 Manual, Gradon, and Edirisuriya.

266.   ResMed is entitled to a judicial declaration that the claims of the '641 patent are invalid.

## THIRTEENTH CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of the '902 Patent)

267.   ResMed incorporates by reference Paragraphs 1-266 as if repeated here verbatim.

268.   United States Patent No. 9,265,902 patent is entitled "Apparatus For Measuring Properties of Gases Supplied to a Patient," (hereinafter "the '902 patent").  A copy of the '902 patent is attached as Exhibit I.

269.   F&P brought suit against Resmed for allegedly infringing the '902 patent, which it claimed to own by assignment, in the Central District of California on August 15, 2016.  F&P dismissed its claims without prejudice on August 16, 2016.  Jurisdiction is proper at least because F&P's actual filing and dismissal of an infringement suit is a threat of infringement.

270.   There is an actual, substantial, and continuing case or controversy between ResMed and F&P regarding the non-infringement of the claims of the '902 patent.

271.   F&P has alleged that ResMed has directly infringed, contributed to infringement of, and induced infringement of the '902 patent.

272.   ResMed has not infringed, does not infringe, and will not infringe, either directly or indirectly through contributory or induced infringement, any claim of the '902 patent, either literally or under the doctrine of equivalents.

273.   ResMed is entitled to a declaration that it has not infringed, does not infringe, and will not infringe, either directly or indirectly through contributory or induced infringement, any claim of the '902 patent, either literally or under the doctrine of equivalents.

## FOURTEENTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of the '902 Patent)

274.   ResMed incorporates by reference Paragraphs 1-273 as if repeated here verbatim.

275.   United States Patent No. 9,265,902 patent is entitled "Apparatus For Measuring Properties of Gases Supplied to a Patient." A copy of the '902 patent is attached as Exhibit I.

276.   F&P brought suit against Resmed for allegedly infringing the '902 patent, which it claimed to own by assignment, in the Central District of California on August 15, 2016.  F&P dismissed its claims without prejudice on August 16, 2016.  Jurisdiction is proper at least because F&P's actual filing and dismissal of an infringement suit is a threat of infringement.

277.   There is an actual, substantial, and continuing case or controversy between ResMed and F&P regarding the invalidity of the claims of the '902 patent.

278.   F&P has alleged that ResMed has directly infringed, contributed to infringement of, and induced infringement of the '902 patent.

279.   The claims of the '902 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and 112, as well as other judicially created bases for invalidation.

CASE NO._____

280.   By way of example, the claims of the '902 patent are anticipated by UK Pat. No. GB2,173,274 to Makin entitled "Improvements in Inhalation apparatus."   The '902 patent is rendered obvious by UK Pat. No. 2,173,274 to Makin in combination with U.S. Patent No. 6,272,933 to Gradon et al. entitled "Respiratory Humidification System" and U.S. Patent No. 6,953,354 to Edirisuriya entitled "Connector for Breathing Conduits."

281.   ResMed is entitled to a judicial declaration that the claims of the '902 patent are invalid.

## FIFTEENTH CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of the '072 Patent)

282.   ResMed incorporates by reference Paragraphs 1-281 as if repeated here verbatim.

283.   United States Patent No. 8,550,072 patent is entitled "Apparatus for Delivering Humidified Gases," (hereinafter "the '072 patent").  A copy of the '072 patent is attached as Exhibit J.

284.   F&P brought suit against Resmed for allegedly infringing the '072 patent, which it claimed to own by assignment, in the Central District of California on August 15, 2016.  F&P dismissed its claims without prejudice on August 16, 2016.  Jurisdiction is proper at least because F&P's actual filing and dismissal of an infringement suit is a threat of infringement.

285.   There is an actual, substantial, and continuing case or controversy between ResMed and F&P regarding the non-infringement of the claims of the '072 patent.

286.   F&P has alleged that ResMed has directly infringed, contributed to infringement of, and induced infringement of the '072 patent.

CASE NO._____

287.   ResMed has not infringed, does not infringe, and will not infringe, either directly or indirectly through contributory or induced infringement, any claim of the '072 patent, either literally or under the doctrine of equivalents.

288.   ResMed is entitled to a declaration that it has not infringed, does not infringe, and will not infringe, either directly or indirectly through contributory or induced infringement, any claim of the '072 patent, either literally or under the doctrine of equivalents.

## SIXTEENTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of the '072 Patent)

289.   ResMed incorporates by reference Paragraphs 1-288 as if repeated here verbatim.

290.   United States Patent No. 8,550,072 patent is entitled "Apparatus for Delivering Humidified Gases." A copy of the '072 patent is attached as Exhibit J.

291.   F&P brought suit against Resmed for allegedly infringing the '072 patent, which it claimed to own by assignment, in the Central District of California on August 15, 2016. F&P dismissed its claims without prejudice on August 16, 2016. Jurisdiction is proper at least because F&P's actual filing and dismissal of an infringement suit is a threat of infringement.

292.   There is an actual, substantial, and continuing case or controversy between ResMed and F&P regarding the invalidity of the claims of the '072 patent.

293.   F&P has alleged that ResMed has directly infringed, contributed to infringement of, and induced infringement of the '072 patent.

294.   The claims of the '072 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and 112, as well as other judicially created bases for invalidation.

295.   By way of example, the claims of the '072 patent are invalid as anticipated by PCT Publication No. WO 1998/04311 to Netzer DE entitled "Gas Supply Device for Sleep Apnea."  The claims of the '072 patent are also invalid as anticipated by PCT Publication No. WO 1998/57691 to Kenyon entitled "An Apparatus for Supplying Breathable Gas."  The claims of the '072 patent are rendered obvious by PCT Publication No. WO 1998/04311 to Netzer DE in combination with U.S. Patent No. 5,943,473 to Levine entitled "Heated Cartridge Humidifier." The claims of the '072 patent are also rendered obvious by the HC200 Series Nasal CPAP Blower & Heated Humidifier manual in combination with PCT Publication No. WO1998/57691 to Kenyon.

296.   ResMed is entitled to a judicial declaration that the claims of the '072 patent are invalid.

## SEVENTEENTH CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of the '547 Patent)

297.   ResMed incorporates by reference Paragraphs 1-296 as if repeated here verbatim.

298.   United States Patent No. 8,091,547 patent is entitled "Apparatus for Delivering Humidified Gases," (hereinafter "the '547 patent").  A copy of the '547 patent is attached as Exhibit K.

299.   F&P brought suit against Resmed for allegedly infringing the 547 patent, which it claimed to own by assignment, in the Central District of California on August 15, 2016.  F&P dismissed its claims without prejudice on August 16, 2016.  Jurisdiction is proper at least because F&P's actual filing and dismissal of an infringement suit is a threat of infringement.

300.   There is an actual, substantial, and continuing case or controversy between ResMed and F&P regarding the non-infringement of the claims of the '547 patent.

CASE NO._____

301.   F&P has alleged that ResMed has directly infringed, contributed to infringement of, and induced infringement of the '547 patent.

302.   ResMed has not infringed, does not infringe, and will not infringe, either directly or indirectly through contributory or induced infringement, any claim of the '547 patent, either literally or under the doctrine of equivalents.

303.   By way of example, the products accused by F&P of infringing the claims of the '547 patent do not infringe any valid claim of that patent at least because those products do not provide for the engagement of the water tub (chamber) with the housing in a "single motion" as required by the claims.

304.   ResMed is entitled to a declaration that it has not infringed, does not infringe, and will not infringe, either directly or indirectly through contributory or induced infringement, any claim of the '547 patent, either literally or under the doctrine of equivalents.

## EIGHTEENTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of the '547 Patent)

305.   ResMed incorporates by reference Paragraphs 1-304 as if repeated here verbatim.

306.   United States Patent No. 8,091,547 patent is entitled "Apparatus for Delivering Humidified Gases." A copy of the '547 patent is attached as Exhibit K.

307.   F&P brought suit against Resmed for allegedly infringing the 547 patent, which it claimed to own by assignment, in the Central District of California on August 15, 2016. F&P dismissed its claims without prejudice on August 16, 2016. Jurisdiction is proper at least because F&P's actual filing and dismissal of an infringement suit is a threat of infringement.

308.   There is an actual, substantial, and continuing case or controversy between ResMed and F&P regarding the invalidity of the claims of the '547 patent.

309.   F&P has alleged that ResMed has directly infringed, contributed to infringement of, and induced infringement of the '547 patent.

310.   The claims of the '547 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and 112, as well as other judicially created bases for invalidation.

311.   By way of example, the claims of the '547 patent are invalid under 35 U.S.C. §112 because they fail to particularly point out and distinctly claim the "single motion" of engagement required by the claims.

312.   ResMed is entitled to a judicial declaration that the claims of the '547 patent are invalid.

## NINETEENTH CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of the '624 Patent)

313.   ResMed incorporates by reference Paragraphs 1-312 as if repeated here verbatim.

314.   United States Patent No. 7,111,624 patent is entitled "Apparatus for Delivering Humidified Gases," (hereinafter "the '624 patent").  A copy of the '624 patent is attached as Exhibit L.

315.   F&P brought suit against Resmed for allegedly infringing the '624 patent, which it claimed to own by assignment, in the Central District of California on August 15, 2016.  F&P dismissed its claims without prejudice on August 16, 2016.  Jurisdiction is proper at least because F&P's actual filing and dismissal of an infringement suit is a threat of infringement.

316.   There is an actual, substantial, and continuing case or controversy between ResMed and F&P regarding the non-infringement of the claims of the '624 patent.

317.   F&P has alleged that ResMed has directly infringed, contributed to infringement of, and induced infringement of the '624 patent.

318.   ResMed has not infringed, does not infringe, and will not infringe, either directly or indirectly through contributory or induced infringement, any claim of the '624 patent, either literally or under the doctrine of equivalents.

319.   By way of example, the products accused by F&P of infringing the claims of the '624 patent do not infringe any valid claim of that patent at least because those products do not provide for the engagement of the water tub (chamber) with the housing in a "single motion" as required by the claims.

320.   ResMed is entitled to a declaration that it has not infringed, does not infringe, and will not infringe, either directly or indirectly through contributory or induced infringement, any claim of the '624 patent, either literally or under the doctrine of equivalents.

## TWENTIETH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the '624 Patent)

321.   ResMed incorporates by reference Paragraphs 1-320 as if repeated here verbatim.

322.   United States Patent No. 7,111,624 patent is entitled "Apparatus for Delivering Humidified Gases."  A copy of the '624 patent is attached as Exhibit L.

323.   F&P brought suit against Resmed for allegedly infringing the '624 patent, which it claimed to own by assignment, in the Central District of California on August 15, 2016.  F&P dismissed its claims without prejudice on August 16, 2016.  Jurisdiction is proper at least because F&P's actual filing and dismissal of an infringement suit is a threat of infringement.

324.   There is an actual, substantial, and continuing case or controversy between ResMed and F&P regarding the invalidity of the claims of the '624 patent.

325.   F&P has alleged that ResMed has directly infringed, contributed to infringement of, and induced infringement of the '624 patent.

326.   The claims of the '624 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and 112, as well as other judicially created bases for invalidation.

327.   By way of example, the claims of the '624 patent are invalid as anticipated by PCT Publication No. WO 1998/04311 to Netzer DE entitled "Gas Supply Device for Sleep Apnea."  The claims of the '624 patent are also rendered obvious by PCT Publication No. WO 1998/04311 to Netzer DE in combination with U.S. Patent No. 5,943,473 to Levine entitled "Heated Cartridge Humidifier" and in combination with U.S. Patent Application Publication No. 2001/0017134 to Bahr entitled "Conduit for Connecting a Fluid Transfer Device to a Patient."  The claims of the '624 patent are also rendered obvious by the HC200 Series Nasal CPAP Blower & Heated Humidifier manual in combination with PCT Publication No. WO 1998/04311 to Netzer DE.

328.   By way of example, the claims of the '197 patent are rendered obvious by PCT Patent Publication No. WO1998/04311 to Netzer DE entitled "Gas Supply Device for Sleep Apnea."  in combination with U.S. Patent No. 6,135,432 to Hebblewhite et al. entitled "Humidifier."  The claims of the '197 patent are also rendered obvious by the manual for HC200 Series Nasal CPAP Blower & Heated Humidifier in combination with U.S. Patent No. 6,135,432 to Hebblewhite et al.

329.   By way of additional example, the claims of the '624 patent are invalid under 35 U.S.C. §112 because they fail to particularly point out and distinctly claim the "single motion" of engagement required by the claims.

330.   ResMed is entitled to a judicial declaration that the claims of the '624 patent are invalid.

## TWENTY-FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of the '197 Patent)

331.   ResMed incorporates by reference Paragraphs 1-330 as if repeated here verbatim.

332.   United States Patent No. 6,398,197 patent is entitled "Water Chamber," (hereinafter "the '197 patent").  A copy of the '197 patent is attached as Exhibit M.

333.   F&P brought suit against Resmed for allegedly infringing the '197 patent, which it claimed to own by assignment, in the Central District of California on August 15, 2016.  F&P dismissed its claims without prejudice on August 16, 2016.  Jurisdiction is proper at least because F&P's actual filing and dismissal of an infringement suit is a threat of infringement.

334.   There is an actual, substantial, and continuing case or controversy between ResMed and F&P regarding the non-infringement of the claims of the '197 patent.

335.   F&P has alleged that ResMed has directly infringed, contributed to infringement of, and induced infringement of the '197 patent.

336.   ResMed has not infringed, does not infringe, and will not infringe, either directly or indirectly through contributory or induced infringement, any claim of the '197 patent, either literally or under the doctrine of equivalents.

337.   By way of example, the products accused by F&P of infringing the claims of the '197 patent do not infringe any valid claim of that patent at least because those products do not include the elongage flow tube required by the claims: "a water chamber adapted for use in conjunction with a heater base and having a horizontally oriented gases inlet in a wall thereof … the improvement comprising an elongate flow tube extending into said water chamber from the inner periphery of said gases inlet."

338.   ResMed is entitled to a declaration that it has not infringed, does not infringe, and will not infringe, either directly or indirectly through contributory or

1    induced infringement, any claim of the '197 patent, either literally or under the

2    doctrine of equivalents.

3

4                   **TWENTY-SECOND CLAIM FOR RELIEF**

5           **(Declaratory Judgment of Invalidity of the '197 Patent)**

6           339.   ResMed incorporates by reference Paragraphs 1-338 as if repeated here

7    verbatim.

8           340.   United States Patent No. 6,398,197 patent is entitled "Water Chamber."

9    A copy of the '197 patent is attached as Exhibit M.

10          341.   F&P brought suit against Resmed for allegedly infringing the '197

11   patent, which it claimed to own by assignment, in the Central District of California

12   on August 15, 2016.  F&P dismissed its claims without prejudice on August 16,

13   2016.  Jurisdiction is proper at least because F&P's actual filing and dismissal of an

14   infringement suit is a threat of infringement.

15          342.   There is an actual, substantial, and continuing case or controversy

16   between ResMed and F&P regarding the invalidity of the claims of the '197 patent.

17          343.   F&P has alleged that ResMed has directly infringed, contributed to

18   infringement of, and induced infringement of the '197 patent.

19          344.   The claims of the '197 patent are invalid for failure to satisfy one or

20   more of the conditions for patentability in Title 35 of the United States Code,

21   including 35 U.S.C. §§ 101, 102, 103, and 112, as well as other judicially created

22   bases for invalidation.

23          345.   By way of example, the claims of the '197 patent are rendered obvious

24   by PCT Patent Publication No. WO1998/04311 to Netzer DE entitled "Gas Supply

25   Device for Sleep Apnea" in combination with U.S. Patent No. 6,135,432 to

26   Hebblewhite et al. entitled "Humidifier."  The claims of the '197 patent are also

27   rendered obvious by the manual for HC200 Series Nasal CPAP Blower & Heated

28

1 Humidifier manual in combination with U.S. Patent No. 6,135,432 to Hebblewhite

2 et al.

3      346.   ResMed is entitled to a judicial declaration that the claims of the '197

4 patent are invalid.

5

6 **PRAYER FOR RELIEF**

7      WHEREFORE, ResMed prays that this Court enters judgment and provides

8 relief as follows:

9      (a)   That F&P is liable for infringement of the asserted ResMed Patents-in-

10 Suit under 35 U.S.C. §271 through the manufacture, use, importation, offer for sale

11 and/or sale of infringing products and/or any of the other acts prohibited by 35

12 U.S.C. §271;

13      (b)   That F&P and each of its officers, agents, employees, parents,

14 subsidiaries, representatives, successors and assigns and those in active concert or

15 participation with them directly or indirectly, be enjoined from further infringing in

16 any manner any of the Patents-in-Suit pursuant to 35 U.S.C. §283;

17      (c)   That F&P pay to ResMed the damages resulting from F&P's

18 infringement of the Patents-in-Suit, together with interest and costs, and all other

19 damages permitted by 35 U.S.C. § 284;

20      (d)   That F&P be ordered to account for additional damages for any and all

21 periods of infringement not included in the damages awarded by the Court or jury,

22 including specifically any time periods between any order or verdict awarding

23 damages and entry of final judgment;

24      (e)   That ResMed be awarded pre-judgment and post-judgment interest and

25 costs against F&P as permitted by 35 U.S.C. § 284;

26      (f)   That F&P's infringement of the asserted ResMed Patents-in-Suit has

27 been and continues to be willful justifying an enhanced award of damages under 35

28 U.S.C. § 284;

     CASE NO._____

(g)     That this action be determined to be an exceptional case and ResMed be awarded its attorney's fees, costs and expenses under 35 U.S.C. § 285;

(h)     That a declaratory judgment that ResMed has not infringed, does not infringe, and will not infringe, either directly or indirectly, any valid claim of the F&P '807, '741, '345, '641, '902, '072, '547, '624 and '197 patents, either literally or under the doctrine of equivalents be entered;

(i)     That a declaratory judgment that the claims of the F&P '807, '741, '345, '641, '902, '072, '547, '624 and '197 patents are invalid be entered; and

(j)     That ResMed be awarded such other equitable or legal relief as this Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, ResMed demands a jury trial on all issues so triable.


Dated:  August 16, 2016                          FISH & RICHARDSON P.C.


                                                 By: */s/*  _____
                                                       Roger A. Denning
                                                       denning@fr.com

                                                 Attorneys for Defendant ResMed Corp

63                          CASE NO._____

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 16, 2016 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.  Any other counsel of record will be served by electronic mail and regular mail.

/s/  *Roger A Denning*
Roger A. Denning

64                  CASE NO._____